UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY LEE CORLEY, | ) | 1:08-cv-00266-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER GRANTING RESPONDENT'S |
| | ) | MOTION TO DISMISS (Doc. 14) |
| v. | ) | |
| | ) | ORDER DISMISSING PETITION (Doc.1) |
| M. KNOWLES, | ) | |
| | ) | ORDER DIRECTING CLERK OF COURT |
| | ) | TO ENTER JUDGMENT |
| Respondent. | ) | |
| | ) | ORDER DENYING PETITIONER'S |
| | | MOTION FOR CLARIFICATION (Doc. 9) |
| | | |
| | | ORDER DENYING PETITIONER'S |
| | | MOTION REGARDING NEWLY |
| | | DISCOVERED EVIDENCE (Doc. 11) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On July 22, 2008, pursuant to consent of all parties, the case was reassigned for all purposes to the United States Magistrate Judge. (Doc. 16).

**BACKGROUND**

Petitioner filed the instant petition on February 7, 2008. (Doc. 1). On March 7, 2008, Petitioner filed a motion for clarification in which he indicated that the proper Respondent is his trial attorney, Gary Brian Smith, not the warden of Petitioner's current place of incarceration. (Doc. 9). On May 2, 2008, Petitioner filed a motion explaining that he had newly discovered evidence to present in his habeas petition regarding his claim of "actual innocence." (Doc. 11). On May 14, 2008, the Court ordered Respondent to file an answer, and on July 11, 2008, Respondent filed the instant motion to dismiss for lack of exhaustion. (Doc. 14). On August 8, 2008, Petitioner filed his

opposition. (Doc. 17). Petitioner is currently serving a sentence of thirteen years because of a conviction on November 17, 2005 in the Stanislaus County Superior Court for possession of a controlled substance for sale. (Doc. 1, p. 2). The petition raises numerous claims challenging Petitioner's conviction, generally grouped into three categories: (1) errors by the trial judge; (2) prosecutorial misconduct; and (3) ineffective assistance of trial counsel. (Id.).

**DISCUSSION**

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." The Advisory Committee Notes to Rule 5 of the Rules Governing § 2254 Cases state that "an alleged failure to exhaust state remedies may be raised by the attorney general, thus avoiding the necessity of a formal answer as to that ground." The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B. Failure to Exhaust State Remedies

Respondent argues that the claims in the petition are unexhausted. Respondent reasons that Petitioner's sole filing in the California Supreme Court was denied with a citation to In re Swain, 34 Cal. 2d 300, 304 (1949), and People v. Duvall, 9 Cal.4th 464, 474 (1995). (Doc. 18, Lodged Documents ("LD") 4). As will be discussed below, those cases stand for the proposition that the state petition was not presented with sufficient particularity for the state supreme court to rule on the merits of the claims. Accordingly, Petitioner could have returned to the state supreme court with a more specific petition and received a decision on the merits, which would have exhausted his claim or claims. However, because he did not pursue his claim further in state court, the claim remains unexhausted. The Court agrees.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1108 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8-9, 112 S. Ct. 1715 (1992), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in

> Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
>   In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Respondent has lodged documents with the Court that establish that Petitioner filed a petition in the California Supreme Court essentially challenging the superior court and court of appeal decisions denying his earlier state habeas petitions. (LD 3). However, that petition was denied by the California Supreme Court, which cited Duvall and Swain as the basis for the denial. (LD 4). Under California law, a citation to Duvall indicates that a petitioner has failed to state his claim with sufficient particularity for the state court to examine the merits of the claim, and/or has failed to "include copies of reasonably available documentary evidence supporting the claim, including pertinent portions of trial transcripts and affidavits or declarations." Duvall, 9 Cal.4th at 474.

In Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir. 1986), the Ninth Circuit considered a state petition denied with a citation to Swain. Like Duvall, a citation to Swain stands for the proposition that a petitioner has failed to state his claim with sufficient particularity. In Kim, the Ninth Circuit found that the Swain citation indicated that the claims were unexhausted because their pleading defects, i.e., lack of particularity, could be cured in a subsequent renewed petition. Kim, 799 F.2d at 1319.

However, in Kim, the Ninth Circuit also stated that it was "incumbent" on the district court, in determining whether the federal standard of "fair presentation" of a claim to the state courts had been met, to independently examine Kim's petition to the California Supreme Court. Kim, 799 F. 2d at 1320. "The mere recitation of In re Swain does not preclude such review." Id. The Ninth Circuit has held that where a prisoner proceeding pro se is unable to meet the state rule that his claims be pleaded with particularity, he may be excused from complying with it. Harmon v. Ryan, 959 F.2d

1457, 1462 (9th Cir. 1992)(citing Kim, 799 F.2d at 1321). "Fair presentation" requires only that the claims be pleaded with as much particularity as is practicable. Kim, 799 F.2d at 1320.

Because Swain and Duvall stand for the same proposition, and applying the principles set forth in Kim v. Villalobos, this Court will review Petitioner's habeas petition filed in the California Supreme Court to determine whether his claim or claims were "fairly presented" under federal exhaustion standards.

A review of the petition filed by Petitioner in the California Supreme Court shows that the purported "claim" presented was in fact a nebulous and generalized assertion that the two lower state courts, i.e., the superior court and the court of appeal, had erred in denying his petitions filed at those levels. (LD 3). To bolster his claim, Petitioner attached copies of the habeas petitions filed in those lower courts. (LD 3, Exhs. A, C). However, in his petitioner before the California Supreme Court, Petitioner raised no specific state or federal law claims regarding his conviction. Rather, in essence, Petitioner handed the prior state petitions to the California Supreme Court, claimed that the petitions were wrongly denied, and asked the California Supreme Court to remedy the situation.

In California, the supreme court, intermediate courts of appeal, and superior courts all have original habeas corpus jurisdiction. See Nino v. Galaza, 183 F.3d 1003, 1006, n. 2 (9th Cir. 1999). Although a superior court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the court of appeal. Id. If the court of appeal denies relief, the petitioner may seek review in the state supreme court by way of a petition for review, or may instead file an original habeas petition in the state supreme court. Id. In effect, under California law, as a petitioner proceeds to the next appellate level, the petitioner must file a new habeas petition that pleads specific claims rather than simply appeal the denial of the lower courts' decisions.

Here, the petition filed in the California Supreme Court did not contain a single articulable claim for the court to decide. Accordingly, in this Court's view, dismissal under Swain and Duvall for lack of specificity was entirely appropriate. Following that logic, because Petitioner was given the opportunity to correct the deficiencies in the last state petition by filing a subsequent petition containing claims pleaded with greater specificity, but failed to avail himself of that opportunity, he

///

has failed to exhaust any claims in the state court. Kim, 799 F.2d at 1319. Accordingly, the instant petition contains no exhausted claims and must be dismissed.

C. Miscellaneous Motions

As explained initially, Petitioner has also filed a motion for clarification in which he indicates that his claim is against his trial attorney, not the warden of his prison. (Doc. 9). Petitioner also filed a motion regarding newly discovered evidence of videotapes that Petitioner claims would establish his innocence. (Doc. 11). However, in light of the Court's conclusion that the petition is unexhausted and must therefore be dismissed, the two remaining pending motions are moot and will be denied.[1]

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Respondent's motion to dismiss the petition for writ of habeas corpus as unexhausted (Doc. 14), is GRANTED;

2. The petition for writ of habeas corpus (Doc. 1), is DISMISSED as unexhausted;

3. Petitioner's motion for clarification (Doc. 9), is DENIED as MOOT;

4. Petitioner's motion regarding newly discovered evidence (Doc. 11), is DENIED as MOOT; and

5. The Clerk of the Court is DIRECTED to enter judgment against Petitioner and close the file.

IT IS SO ORDERED.

Dated:  **February 24, 2009**                              /s/ Theresa A. Goldner
                                                           UNITED STATES MAGISTRATE JUDGE

---

[1] Even were this not so, Petitioner's attempt to name his trial counsel as respondent is misguided. A petitioner filing a petition for writ of habeas corpus must name the state officer who has custody of the petitioner as the respondent. Rule 2(a) of the Rules Governing § 2254 cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996). Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994). There is no provision in the habeas statute or cases for naming a petitioner's attorney as respondent since that attorney has no day-to-day control over the petitioner.